UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD RYAN FRAZIER,<br><br>    Defendant. | Case No. 13-cr-40062-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Todd Ryan Frazier's motion for disclosure of expert testimony before trial pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) (Doc. 30). The Government has responded to the motion (Doc. 31), and Frazier has replied to that response (Doc. 32).

As a preliminary matter, the Court notes that there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *see Gray v. Netherland*, 518 U.S. 152, 168 (1996). However, Rule 16 of the Federal Rules of Criminal Procedure and constitutional due process regarding exculpatory material allow criminal defendants limited access to information regarding the Government's case.

The Court's Order for Pre-Trial Discovery and Inspection (Doc. 15) instructs the parties to attempt to resolve discovery disputes without recourse to the Court. If the parties have tried to resolve their disputes and have been unable to do so, the Court allows them to file a motion for discovery. Any motion filed with the Court must contain a statement that a discovery conference was held and that agreement could not be reached concerning the discovery or inspection that is the subject of the motion. The defendant has not complied with this order in that he failed to include the statements required regarding attempts to resolve discovery disputes without recourse

to the Court.

Even if the defendant had met all of the technical requirements, the Court would deny the motion for the following reason.  To the extent that the defendant requests material required to be produced pursuant to Rule 16, the request is moot in light of the Government's open file policy and absent an indication that the Government is not complying or will not continue to comply with that rule.  The Government indicates it has disclosed the reports containing written summaries of the expert testimony that the Government will use at trial, although the identity of the particular forensic examiner who will be called to give such testimony will be determined later.  To the extent that the defendant and the Government are unable to agree on a timetable for disclosing the identity of the Government's expert witnesses, the defendant may file another motion for disclosure that complies with the Order for Pre-Trial Discovery and Inspection (Doc. 15).

For these reasons, the Court **DENIES** the motion **without prejudice** (Doc. 30).

**IT IS SO ORDERED.**
**DATED: November 25, 2013**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**